IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLISON WILLIAMS,

    Plaintiff,

v.                                          Civil Action No. 1:05cv51
                                            (Chief Judge Irene M. Keeley)

ADVERTISING SEX, LLC, *et al.*,

    Defendants.

## PLAINTIFF'S CONFERENCE REPORT AND PROPOSED JURISDICTIONAL DISCOVERY PLAN

Pursuant to Local Civil Rule 16.02, counsel for Plaintiff Allison Williams respectfully submits the following Conference Report and Proposed Jurisdictional Discovery Plan. As discussed more fully below, Plaintiff contacted counsel for Defendants Castle Co. Pty. Ltd., The Moles Trust, Russell M. Moles, and Gwendoline E. Moles (the "Castle Co. Defendants"), Defendants Chris Hartman and Xoteck, LLC (the "Xoteck Defendants"), and counsel for Defendant Joseph Vitagliano (all listed Defendants collectively referred to as the "Jurisdiction Challenging Defendants") in an effort to provide the Court with a joint report and discovery plan. However, intervening events have rendered a joint filing impossible, and as such Plaintiff offers this report and proposal.

### ACTIONS TAKEN SINCE THE JUNE 12, 2006 STATUS CONFERENCE

During the June 12, 2006 status conference, the Court made it clear to the parties its desire that Plaintiff move forward with jurisdictional discovery that Plaintiff requested in connection with the Jurisdiction Challenging Defendants' respective motions to dismiss for lack of personal jurisdiction that were denied subject to renewal following jurisdictional discovery.

In addition, the Court expressed its expectation that the parties to prepare a jurisdictional discovery plan in advance of the July 10, 2006 case management conference. Failing that, the Court indicated it would fashion a jurisdictional discovery plan during the conference.

On the morning of Monday, June 26, 2006, Plaintiff's counsel, Andrew M. Wright, contacted those counsel and *pro se* defendants who have challenged the personal jurisdiction of this Court to propose "a conference call sometime this Thursday (June 29) or Friday (June 30) to develop a jurisdictional discovery plan." Exhibit A (6/26/06 email from Wright). Later that day, Raymond Franks, local counsel for the Castle Co. Defendants, called and emailed Mr. Wright to indicate his availability on Thursday, June 29, 2006. *See* Exhibits B (6/26/06 email from Franks) & C (6/26/06 email from Wright).

In a message from Robert Waters, counsel for Joseph Vitagliano, that evening, Mr. Waters indicated that he was in trial in Texas and would not be available until Thursday or Friday of the week of July 3, 2006. *See* Exhibit D (6/26/06 email from Waters). In response, Mr. Wright proposed a call on Friday, July 7, 2006 at 11:00 a.m. Eastern time. *See* Exhibit E (6/27/06 email from Wright). Also on that day, William Kelleher, national counsel for the Castle Co. Defendants, also indicated his firm would not have lawyers available until "[l]ater that week of July 4…". Exhibit F (6/27/06 email from Kelleher). That evening, Mr. Waters indicated he was available on July 7 for the call. *See* Exhibit G (6/27/06 email from Waters).

On Thursday, June 29, 2006, Mr. Wright circulated a conference call code and password for the July 7 conference call. *See* Exhibit H (6/29/06 email from Wright). On Friday, June 30, 2006, Mr. Wright circulated a proposed "Joint Conference Report and Jurisdictional Discovery Plan" for the Jurisdiction Challenging Defendants' consideration. *See* Exhibit I (6/30/06 email from Wright with attached proposal).

On Wednesday, July 5, 2006, Plaintiff served a "First Set of Combined Jurisdictional Discovery Requests to Castle Co. Defendants," and filed the certificate of service. *See* Exhibit J (jurisdictional discovery); *see also* Docket Entry 256 (certificate of service). Later that day, Stephen Goodwin, local counsel to the Castle Co. Defendants, called Mr. Wright with some questions about Plaintiff's proposed discovery plan.

On July 7, at 10:37 a.m. Eastern time – twenty-three (23) minutes before the conference call – the Castle Co. Defendants filed a motion to withdraw their national and local counsel. *See* Docket Entry 257 (motion to withdraw). Immediately thereafter, Mr. Wright and Mr. Franks had a conversation in which Mr. Franks indicated that no one representing the Castle Co. Defendants would be participating on the conference call, although Messrs. Goodwin and Franks believed it to be their obligation to appear at the July 10 case management conference absent an order granting the motion to withdraw.

Mr. Wright initiated the conference call at 11:00 a.m. and terminated it at 11:30 a.m. when no one else joined – including Mr. Waters, who had agreed to the conference call and has not moved to withdraw as counsel for Joseph Vitagliano.

Neither Chris Hartmann nor Xoteck, LLC, both of whom are *pro se* defendants, responded to or participated in any of these discussions, although they were copied on the email messages and provided service copies. *See* Exhibits A – J.

## DISCOVERY PLAN

Plaintiff Allison Williams offers the following "specific discovery schedule and plan that may identify and limit the discovery available to avoid unnecessary, unduly burdensome or expensive discovery" as set forth in Local Rule 16.02(a)(3)(A).

3

### 1) Computer–Based Discovery Protocol

Plaintiff Allison Williams indicated that she will needs access to the computers, harddrives, disc storage, and servers of the Jurisdiction Challenging Defendants in order to test the Jurisdiction Challenging Defendants' attacks on personal jurisdiction. Specifically, Ms. Williams proposes to follow the following protocol[1]:

(a) Ms. Williams engages the services of a reputable computer forensics expert, and discloses that expert to the Defendants to give them an opportunity to object. Any irresolvable dispute may be brought to the Court's attention at the next monthly Status Conference.

(b) The parties agree on the scope of inspection, including target computers or servers, target individuals, departments or data collections, date ranges, search terms, or other scope-defining criteria. Based on evidence of the dates Scott Moles commenced his Internet pornography activities, Ms. Williams proposes the relevant date ranges is 2000 to the present. Ms. Williams has provided a preliminary proposed list of search targets for the Jurisdiction Challenging Defendants that is annexed hereto as Exhibit K. The parties should also agree on the form of eventual production, and Ms. Williams would suggest production in electronic form on CD-Roms pursuant to the "data compilation" production contemplated by Rule 34 of the Federal Rules of Civil Procedure.

---

[1] At least three federal cases have adopted a similar approach: *Simon Property Group, L.P. v. MySimon, Inc.*, 194 F.R.D. 639 (S.D. Ind. 2000); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999); *Northwest Airlines, Inc. v. Local 2000 Int'l Brotherhood of Teamsters, AFL-CIO*, Civil Action No. 00-08 (D. Minn. Feb. 2, 2000) (Order on Defendants' Motion for Protective Order and Plaintiff's Motion to Compel Discovery). According to one commentator, such "protocols help the parties set clear goals for computer-based discovery, help limit the scope and cost, and may serve to protect legitimate privilege and privacy interests." Kenneth J. Withers, *Computer-Based Discovery in Federal Civil Litigation*, Federal Judicial Center (2000). Ms. Williams proposes to retain the expert directly rather than in a judicial officer capacity in order to make the process less awkward and in an effort to minimize and control costs. The critical element of this protocol is that it allows the computer forensics expert to deliver all responsive data to the producing party for review, before production to the requesting party (here, Ms. Williams), allowing the producing party's counsel an opportunity to protect legitimate privacy and privilege interests.

(c) The Jurisdiction Challenging Defendants provide Interrogatory responses in the form of an Electronic Media Index identifying all electronic media including brief computer description, computer type, computer location, primary user, primary administrator, date purchased, brand, model, serial/service tag, asset tag, operating system, storage capacity, storage type (RAID Level), and any web or email domains hosted.

(d) The expert creates a "mirror image" of the computer data using accepted computer forensic procedures that preserve the integrity of the original evidence.

(e) The expert executes the search on the "mirror image" and identifies relevant data according to the agreed-upon specifications.

(f) The affected Defendant's counsel reviews the responsive data for privilege.

(g) The affected Defendant produces relevant, non-privileged data.

**2) Traditional Discovery Modifications**

Ms. Williams proposes that some of the limits on discovery contained in Rules 26-37 of the Federal Rules of Civil Procedure and Local Civil Rule 26.01(c) should be slightly modified for purposes of jurisdictional discovery. First, Ms. Williams proposes that jurisdictional discovery be considered a distinct "stage" of discovery from merits discovery,[2] *see* Local Civil Rule 16.02(a)(3)(B), such that the limits on discovery contained in the Federal Rules of Civil Procedure are reset at the conclusion of the jurisdictional discovery stage. Second, Ms. Williams proposes that the Court allow Ms. Williams to serve each party with fifty (50) interrogatories, including all discrete subparts, without leave due to the nature and volume of information required by the technological complexities involved in the case.

---

[2] Ms. Williams would request the Court note that the nature of the Castle Co. Defendants' challenge to personal jurisdiction will require probing of the merits as it relates to the nature of their relationship to Scott Moles and affiliated individuals and entities.

5

In recognition of the potential burdens incident to the transnational and technological nature of this litigation, Ms. Williams proposes doubling the thirty-day response period for Interrogatories and Requests for Production, as set forth respectively in Rules 33(b)(3) and 34(b), to sixty (60) days from the date of service for foreign parties, here the Castle Co. Defendants.

With respect to depositions, should they be necessary in light of written discovery, Ms. Williams contemplates that the parties will work together to minimize the necessary cost and disruption, including the possible use of telephonic depositions and reasonable schedule accommodations reflecting the time zone differences between Australia and the United States.

* * *

Respectfully submitted,

ALLISON WILLIAMS,

By counsel,

Stephen M. LaCagnin, Esq.
West Virginia Bar No. 2118

-and-

_____
Andrew M. Wright, Esq.
West Virginia Bar No. 9321

-and-

Woodrow E. Turner, Esq.
West Virginia Bar No. 9725

**JACKSON KELLY PLLC**
150 Clay Street, Suite 500
Morgantown, West Virginia 26501
(304) 284-4100 Telephone
(304) 284-4142 Facsimile

## CERTIFICATE OF SERVICE

I certify that, on July 7, 2006, I served the foregoing "**CONFERENCE REPORT AND PROPOSED JURISDICTIONAL DISCOVERY PLAN**" to the following parties via ECF, U.S. Mail, or International Mail, as appropriate.

## U.S. Defendants

**Raymond Williams**
**Advertising Sex, LLC**
(Defaulted)

**Kenneth M. Boyd**
**Edith G. Boyd**
**PalmBeach-Online.com, Inc.**
(Defaulted)

**Steve Bryant**
**G.A.M.E.**
952 Wemberton Drive
Nashville, TN  37214

**Nicholas Cain**
**Cain Web Design, Inc.**
(Defaulted)

**Charlie Hintz**
**Mental Shed, LLC**
(Defaulted)

**Robert R. Waters, Esq.**
(via ECF system)

*Counsel for Joseph Vitagliano*

**Chris Hartmann**
**Xoteck, LLC**
8845 Menkar Road
San Diego, CA  92126

**David Peterson**
**DRP Media, Inc.**
5216 Stone Shop Circle
Owings Mills, MD  21117

8

**Heather M. Wright, Esq.**
(via ECF system)

*Counsel for Vidbidness, Inc. & Eric Ridley*

**Darren M. McLaughlin**
**Performance Marketing Group, Inc.**
(Defaulted)

**Ronald Yates**
**Etrax Productions**
P.O. Box 5342
Arlington, TX  76005-5342

**FrostyLips, LLC**
(Defaulted)

**Sergio Jacuzzi**
**Harhan Co.**
(Unserved)

**Eliza Razia**
**Fli Exotic Inc.**
(Unserved)

**Patrick Smith**
630 Pleasant Hill Drive
Richmond, VA  23236

## Australian Defendants

**Chris Buckley**
(Defaulted)

**Scott M. Moles**
**Zorg Enterprises**
**Web Traffic Inc.**
(Defaulted)

**Johnathon Landon**
**Diana (Doe)**
(Unserved)

**Stephen P. Goodwin, Esq.**
**Raymond S. Franks, II, Esq.**
(via ECF system)

-and-

**William J. Kelleher, III, Esq.**
**Joseph L. Clasen, Esq.**
**Alexander D. Pencu, Esq.**
(via ECF system)

*Counsel for Castle Co. Pty. Ltd., Russell Moles, Gwendoline Moles & The Moles Trust*

**Guy Blomberg**
Post Office Box 1821
Milton, QLD 4064
Australia

**Troy M. Savege** (named as Troy Doe)
**Eyegasmic Enterprises**
(Defaulted)

**Scott Rickett**
**Gen0cide Productions**
(Defaulted)

**Michael Vacietis**
(Defaulted)


**Craig Brown**
**Webresultz Pty. Ltd.**

10

(Defaulted)

## Belgian Defendants

**Frederic Papillon**
**CX Team**
(Unserved)

## Canadian Defendants

**Peter Smallwood (DJ Sky)**
**Purple Sky Productions**
(Defaulted)

**Tracy Whitewick** (Named as Tracy Doe)
(Defaulted)

## Cayman Islands Defendant

**Fauladi Singh**
(Unserved)

## Dutch Defendants

**Gerco Marsch**
(Unserved)

**Henry Rottine**
(Defaulted)

## South African Defendant

**Mark Van Heerden**
(Unserved)

_____
Andrew M. Wright, Esquire

M0490842.3