# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALLISON WILLIAMS,**
        **Plaintiff,**

*vs*.                                            **CRIMINAL ACTION NO. 1:05CV51**

**ADVERTISING SEX, LLC, et al.,**
        **Defendants.**

## ORDER/OPINION

On the 3rd day of October, 2006, Plaintiff filed a Motion to Compel Discovery Responses from Defendant Joseph Vitagliano [Docket Entry 275]. On October 20, 2006, the Court Ordered that Responses to Plaintiff's Motion to Compel Discovery Responses from Defendant Joseph Vitagliano were to be filed and served on or before October 20, 2006 (the original date any Response would have been due). The Order also gave Notice that the Court would conduct a telephonic hearing on Plaintiff's pending Motions to Compel on Tuesday, October 24, 2006, at 1:30 p.m.

The only party appearing before the Court telephonically on October 24, 2006, pursuant to the Court's October 20, 2006, Order was Plaintiff, appearing by counsel, Andrew M. Wright. Besides the Court's Order, Plaintiff's counsel, Mr. Wright, represented to the Court that he personally gave the call-in telephone number for the hearing to Robert Waters, counsel for Joseph Vitagliano. The Court waited approximately ten minutes to allow for any additional parties or counsel to participate, but none appearing, went on with the hearing.

Counsel for Plaintiff reported to the Court that Mr. Waters, counsel for Mr. Vitagliano, had produced, as requested, the computers for inspection and mirror imaging by Plaintiff's experts. Plaintiff therefore withdrew that portion of her Motion to Compel.

The Court GRANTED "Plaintiff's Motion to Compel Discovery Responses from Defendant

Joseph Vitagliano" [see Order, Docket Entry 286]."

Fed. R. Civ. P. 37(a)(4)(A) provides as follows:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion, or the party or attorney advising such conduct or both or them to pay to the moving party the reasonable expenses <u>incurred in making the motion</u>, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

Here it is indisputable that the plaintiff's motion to compel was granted, "with the exception of the computer requests withdrawn by Plaintiff." [Docket Entry 286]. In the Court's Order, Defendant was given the opportunity to "show good cause . . . why he did not respond to Plaintiff's Motion to Compel or appear before the Court as scheduled . . . ." [Id.]. Defendant failed to show good cause for the failure to respond or appear.

Plaintiff attached to her Motion for Expenses an itemized summary of her expenses including attorneys' fees related to the prosecution of the discovery disputes.

Pursuant to Rule 37, the Court held a telephonic hearing to provide Defendant Vitigliano with an opportunity to be heard regarding Plaintiff's Motion for Expenses on Thursday, January 4, 2007, at 10:00 a.m. Plaintiff appeared through her counsel, Andrew Wright and Woodrow E. Turner. Defendant Vitagliano appeared through his counsel, Robert R. Waters.

Upon consideration of Plaintiff's Motion, Defendant's Response thereto, and the arguments of counsel, the Court finds Defendant Vitagliano shall be required to pay to Plaintiff "the reasonable expenses incurred in making the motion." The Court, however, does not find Bill Nos. 5080116, 5149950, 5154296, 5154358, 5154367, 5157753, 5157817, 5157884, 5157852, 5157853 or 5157910

2

to have been "incurred in making the motion." Plaintiff argues that the expenses incurred in writing, editing, and finalizing a "meet and confer" letter to Defendant's counsel should be included. The Court disagrees. First, a plain reading of the Rule shows that the expenses allowed are those incurred in making the motion. Second, Plaintiff does not offer any law in support of her assertion that expenses connected to the "meet and confer" should be awarded. Third, and perhaps most importantly, the "meet and confer" is required in the hope that the parties will be able to resolve the discovery dispute, at least in part, without the court's assistance, thereby saving both time and money. By awarding fees and expenses for the meet and confer parties may be motivated to spend more or less time in the attempt to resolve their dispute depending on their situation. The Court finds the "meet and confer," although a condition precedent to filing the Motion to Compel, to nevertheless be totally separate from the motion and therefore not compensable as an expense incurred in making the motion.

The Court further finds that fees and expenses for Plaintiff's counsel's research regarding spoliation of electronically stored evidence should also not be awarded . Finally, the Court finds that the time and expenses incurred in making the motion regarding access to Defendant Vitagliano's computers should also be subtracted from Plaintiff's expenses. Although there may have been a dispute regarding the timing of that discovery, Defendant's counsel represented to the Court that the actual production of the information was not in dispute. The Court therefore finds that circumstances would make an award of expenses regarding the computer access unjust.

The Court further finds the adjusted times for Plaintiff's direct costs constitute adequate compensation for the complexity of the motion and amount of work required in pursuing the motion. The Court does not believe any additional time, including "hours/dollars added from split" is

3

required to adequately compensate Plaintiff for pursuing this matter. Finally, the Court does not find that the hourly rate charged by Plaintiff's counsel is excessive.

Therefore, the Court shall require Defendant Vitagliano to pay Plaintiff for 14.5 hours at a rate of $190.00 per hour for a total of $2,755.00.

It is so **ORDERED**.

The Clerk is directed to send copies of this Order to all counsel of record and to all unrepresented parties.

DATED: April 3, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE