**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ALLISON WILLIAMS,**
        **Plaintiff,**

*vs*.                        **CRIMINAL ACTION NO.  1:05CV51**

**ADVERTISING SEX, LLC, et al.,**
        **Defendants.**

## ORDER/OPINION

On the 11th day of October, 2006, Plaintiff filed a Motion to Compel Discovery Responses from the Castle Co. Defendants [Docket Entry 277].  On October 20, 2006, the Court Ordered Responses to Plaintiff's Motion to Compel Discovery Responses from the Castle Co. Defendants were to be filed and served  no later than Monday, October 23, 2006, at 4:00 p.m.  No further responses were filed.  The Order  also gave Notice that the Court  would  conduct a telephonic hearing on Plaintiff's pending Motions to Compel on Tuesday, October 24, 2006, at 1:30 p.m.

The only party appearing before the Court telephonically on October 24, 2006, pursuant to the Court's October 20, 2006, Order was Plaintiff, appearing by counsel, Andrew M. Wright.  Besides the Court's Order, Plaintiff's counsel, Mr. Wright, represented to the Court that he personally gave the call-in telephone number for the hearing to Defendants Chris Hartmann, Russell Moles and Gwendoline Moles, and to Robert Waters, counsel for Joseph Vitagliano.  None, however, appeared.  The Court waited approximately ten minutes to allow for any additional parties or counsel to participate, but none appearing, went on with the hearing.

The Court GRANTED "Plaintiff's Motion to Compel Discovery Responses from the Castle Co. Defendants" [see Order, Docket Entry 286].  The Court further  ORDERED these Defendants to produce the requested discovery or show cause why they had not responded to the Motions to Compel or appeared at the hearing, on or before November 3, 2006.  A review of the docket in this

matter shows that no such responses were served.

Fed. R. Civ. P. 37(a)(4)(A) provides as follows:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion, or the party or attorney advising such conduct or both or them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

Here it is indisputable that the plaintiff's motion to compel was granted. In the Court's Order, Defendant was given the opportunity to "show good cause . . . why they did not respond to Plaintiff's Motion to Compel or appear before the Court as scheduled . . . ." [Id.]. Defendants failed to show good cause for the failure to respond or appear.

Plaintiff attached to her Motion for Expenses an itemized summary of her expenses including attorneys' fees related to the prosecution of the discovery disputes.

Pursuant to Rule 37, the Court held a telephonic hearing to provide the Castle Company Defendants with an opportunity to be heard regarding Plaintiff's Motion for Expenses on Thursday, January 4, 2007, at 10:00 a.m. Plaintiff appeared through her counsel, Andrew Wright and Woodrow E. Turner. Defendants did not appear.

Upon consideration of Plaintiff's Motion the Court finds the Castle Company Defendants [Castle Co. Pty. Ltd., Russell Moles, Gwendoline Moles, and The Moles Trust] shall be required to pay to Plaintiff "the reasonable expenses incurred in making the motion." The Court, however, does not find Bill Nos. 5134704, 5140951, 5141524, 5141527, 5145151, 5145155, 5145218, 5145273, 5145675, or 5149909 to have been "incurred in making the motion.

The Court finds the adjusted times for Plaintiff's direct costs constitute adequate compensation for the complexity of the motion and amount of work required in pursuing the motion. The Court does not believe any additional time, including "hours/dollars added from split" is required to adequately compensate Plaintiff.

The Court does not find that the hourly rate charged by Plaintiff's counsel is excessive, and therefore the Court shall require the Castle Company Defendants to pay for 4.25 hours at a rate of $190.00 per hour ($807.50) and 16.5 hours at a rate of $120.00 per hour ($1980.00) for a total of $2,787.50.

It is so **ORDERED**.

The Clerk is directed to send copies of this Order to all counsel of record and to all unrepresented parties.

DATED: April 3, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE