IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLISON WILLIAMS,

        Plaintiff,

v.
                          //   Civil Action No. 1:05cv51
                                (Judge Keeley)

ADVERTISING SEX LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTIONS FOR COSTS OF SERVICE

Pursuant to Fed. R. Civ. P. 4(d)(2), the plaintiff, Allison Williams ("Williams"), has filed eight motions seeking to recover her costs for service of process on various defendants, and also the costs and fees involved to file these motions. The defendants did not respond to Williams's motions. For the reasons that follow, the Court **GRANTS** the motions.

### I. Background

On March 18, 2005, Williams sued fifty-nine (59) defendants, alleging that they participated in a conspiracy to defame her. Specifically, Williams alleges that these defendants falsely identified her as the participant in a graphic Internet video they circulated and advertised on multiple websites. That video juxtaposed her image as Miss West Virginia 2003, with pornographic images. Williams seeks legal and equitable relief from numerous foreign and domestic defendants under a number of

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTIONS FOR COSTS OF SERVICE**

West Virginia common law theories, including defamation, false light invasion of privacy, appropriation of identity invasion of privacy, unjust enrichment through usurpation of right of publicity, outrage, civil conspiracy, veil-piercing, and vicarious liability. She also seeks permanent injunctive relief.

On March 22, 2005, Williams mailed each defendant a notice of lawsuit and request for waiver of service of process. The notice informed defendants that they were allowed 30 days from March 22, 2005 to file the executed waiver form. If the defendants failed to execute the waiver, the notice stated that Williams would take "appropriate steps to effect formal service in a manner authorized under the Federal Rules of Civil Procedure and [would] then, to the extent authorized by those rules, ask the Court to require [the defendant] to pay the full costs of such service."

The defendants that are the subject of these motions failed to respond and the Clerk issued a summons for service of process on each of them. These defendants include Frosty Lips, LLC ("Frosty Lips"), Joseph Vitagliano ("Vitagliano"), Etrax Productions ("Etrax"), Darren M. McLaughlin ("McLaughlin"), Performance Marketing Group, Inc. ("Performance Marketing"),

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTIONS FOR COSTS OF SERVICE**

Charlie Hintz ("Hintz"), Mental Shed, LLC ("Mental Shed"), Raymond Williams ("Raymond"), Nicholas Cain ("Cain"), Cain Web Design, Inc. ("Cain Web Design"), Eric Ridley ("Ridley"), and Vidbidness, Inc. ("Vidbidness").

On May 3, 2005, Vitagliano was served by means of private personal service. Williams now seeks to recover the private service cost of $87.50 incurred as a result of Vitagliano's failure to return the waiver of service form and attorneys' fees in the amount of $285.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to 1.5 hours of attorney time at $190.00 per hour.

On May 6, 2005, Etrax was served by means of private personal service. Williams now seeks to recover the private service cost of $59.50 incurred as a result of Etraxs' failure to return the waiver of service form and attorneys' fees in the amount of $190.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to one hour of attorney time at $190.00 per hour.

On May 7, 2005, McLaughlin and Performance Marketing were served by means of private personal service. Williams now seeks to recover the private service costs totaling $233.00 incurred as

3

a result of their failure to return the waiver of service form and attorneys' fees in the amount of $190.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to one hour of attorney time at $190.00 per hour.

On May 9, 2005, Raymond was served by means of private personal service. Williams now seeks to recover the private service cost of $50.00 incurred as a result of Raymond's failure to return the waiver of service form and attorneys' fees in the amount of $190.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to one hour of attorney time at $190.00 per hour.

On May 10, 2005, Frosty Lips was served by means of private personal service. Williams now seeks to recover the private service cost of $135.00 incurred as a result of Frosty Lips' failure to return the waiver of service form and attorneys' fees in the amount of $190.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to one hour of attorney time at $190.00 per hour.

On May 13, 2005, Cain and Cain Web Design were served by means of private personal service. Williams now seeks to recover the private service costs totaling $50.00 incurred as a result of

the defendants' failure to return the waiver of service of process and attorneys' fees in the amount of $190.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to one hour of attorney time at $190.00 per hour.

On May 17, 2005, Hintz and Mental Shed were served by means of private personal service. Williams now seeks to recover the private service costs totaling $85.00 incurred as a result of the defendants' failure to return the waiver of service form and attorneys' fees in the amount of $285.00. Williams's counsel has certified that the attorneys' fees incurred in preparing this motion amount to 1.5 hours of attorney time at $190.00 per hour.

On May 24, 2005, Ridley and Vidbidness were served by means of private personal service. Williams now seeks to recover the private service costs totaling $70.00 incurred as a result of the defendants' failure to return the waiver of service form and attorneys' fees in the amount of $285.00. Williams's counsel has certified that the attorneys' fees incurred in making this motion amount to 1.5 hours of attorney time at $190.00 per hour.

## II. Standard of Law

*A. Waiver of Service*

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTIONS FOR COSTS OF SERVICE**

Fed. R. Civ. P. 4(d)(1) permits a plaintiff to eliminate the unnecessary costs of serving the summons by notifying a defendant of the commencement of an action and requesting that defendant waive service of summons. The notice and request must:

1. be in writing and be addressed:
   a. to the individual defendant; or
   b. for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
2. name the court where the complaint was filed;
3. be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
4. inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
5. state the date when the request is sent;
6. give the defendant a reasonable time of at least 30 days after the request was sent-or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
7. be sent by first class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1).

Once notified, a defendant "has a duty to avoid unnecessary costs of serving the summons." Id.

*B. Failure to Waive*

Under Fed. R. Civ. P. 4(d)(2), if a defendant fails, without good cause, to comply with a plaintiff's request for waiver, the Federal Rules require the defendant to pay the costs subsequently incurred in effectuating service of process. Fed. R. Civ. P. 4(d)(2). The costs imposed by the court include the costs subsequently incurred in effectuating service and the costs, including a reasonable attorneys' fee, of any motion required to collect the costs of service. Fed. R. Civ. P. 4(d)(2).

### III. Analysis

This Court must determine whether, under the facts set forth above, Williams is entitled to the costs of service of process on these defendants and the costs of filing these motions to recover costs, including her attorneys' fees, pursuant to Fed. R. Civ. P. 4(d)(2).

The initial question is whether this provision applies to these defendants. The waiver of service provision of Fed. R. Civ. P. 4(d) applies only to "an [i]ndividual, corporation, or association that is subject to service under Rule 4(e), (f), or

7

(h). . ." Because the defendants to this motion were subject to service under Rule 4(e), (f), or (h) as they are either individuals, corporations, limited liability companies or businesses, Rule 4(d)is applicable to them.

A defendant served with a waiver of service request has a duty "to avoid unnecessary costs of serving the subpoena" unless it has "good cause." Fed. R. Civ. P. 4(d)(2). According to the advisory committee's note, "good cause" for failure to comply with a request for waiver of service "should be rare." Fed. R. Civ. P. 4 advisory committee's note (1993). If good cause is not shown, the rule expressly states that the Court must impose the costs incurred in effectuating service and other reasonable expenses, including attorneys' fees, incurred on the defendant. Fed. R. Civ. P. 4(d)(2). The record clearly shows that the defendants failed to comply with the provisions set forth in Rule 4. In addition, they failed to respond to this motion. Thus, these defendants cannot demonstrate "good cause" within the meaning of Rule 4.

Because these defendants failed to comply with the waiver of service request and have not shown good cause, the Court finds

that Williams is entitled to reimbursement of costs and an award of reasonable attorneys' fees in preparing these motions.

### IV. Conclusion

For the reasons discussed above, the Court **GRANTS** Williams's motions (dkt. nos. 317-24) and **ORDERS** as follows:

A. Joseph Vitagliano shall pay the amount of **$87.50** for the costs of serving him in this litigation and **$285.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

B. Etrax Productions shall pay the amount of **$59.50** for the costs of serving it in this litigation and **$190.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

C. Darren McLaughlin and Performance Marketing Group, Inc., shall pay the amount of **$233.00** for the costs of serving them in this litigation and **$190.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

D. Raymond Williams shall pay the amount of **$50.00** for the costs of serving him in this litigation and **$190.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

E. Frosty Lips, LLC, shall pay the amount of **$135.00** for the costs of serving it in this litigation and **$190.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

F.  Nicholas Cain and Cain Web Design, Inc., shall pay the amount of **$50.00** for the costs of serving them in this litigation and **$190.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

G.  Charlie Hintz and Mental Shed, LLC, shall pay the amount of **$85.00** for the costs of serving them in this litigation and **$285.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

H.  Eric Ridley and Vidbidness, Inc., shall pay the amount of **$70.00** for the costs of serving them in this litigation and **$285.00** for Williams's reasonable expenses, including attorneys' fees, in bringing this motion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: June 13, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE