IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALLISON WILLIAMS,**

        **Plaintiff,**

v.                          //   CIVIL ACTION NO. 1:05CV51
                                      (Judge Keeley)

**ADVERTISING SEX LLC, ET AL,**

        **Defendants.**

**ORDER DENYING MOTION FOR NEW TRIAL AND
MOTION FOR RELIEF FROM JUDGMENT OF THE
DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC.,
AND DISMISSING THE CASE WITH PREJUDICE**

On May 13, 2009, the defendants, Eric Ridley and Vidbidness, Inc., ("the defendants"), filed motions for a new trial under Fed. R. Civ. P. 59(a) and for relief from judgment under Fed.R. Civ. P. 60(b). On September 18, 2009, the Court conducted a hearing on the motions. Present were Parween Mascari, attorney for the plaintiff, Allison Williams ("Williams"), Jeffrey Mehalic, attorney for defendants Eric Ridley and Vidbidness, Inc. ("the defendants"), and David Offut, Jr., attorney for Heather Noel ("Noel"), former local counsel for the defendants. Ms. Noel was present in person.

Following oral argument and for the reasons stated on the record as summarized below, the Court **DENIED** both of the defendants' motions.

**WILLIAMS V. ADVERTISING SEX**                                            1:05CV51

### ORDER DENYING MOTION FOR NEW TRIAL AND MOTION FOR RELIEF FROM JUDGMENT OF THE DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC., AND DISMISSING THE CASE WITH PREJUDICE

#### DISCUSSION

In March, 2005 Allison Williams filed a civil suit for defamation against numerous defendants for tortious acts they committed against her by posting videos and advertisements on the internet that falsely portrayed her as a subject in a pornographic film. Following entry of default judgment against the defendants on July 2, 2008, the Court held a jury trial on damages on April 7 and 8, 2009, following which the jury returned a verdict for Williams for compensatory and punitive damages totaling $7.2 million.

Subsequently, the defendants moved for a new trial on May 13, 2009, on the grounds that Noel, their former local attorney, had failed to notify them that the Court had granted her motion to withdraw from representation, and that they "did not receive notice of a trial date or any pretrial proceedings from Noel, Williams, or the Court." After the defendants filed their motion, they and Williams hotly contested whether the defendants had, in fact, received notice that the Court had granted Noel's motion to withdraw and that Williams later had moved for default judgment against them.

**WILLIAMS V. ADVERTISING SEX**                                                  **1:05CV51**

**ORDER DENYING MOTION FOR NEW TRIAL AND
MOTION FOR RELIEF FROM JUDGMENT OF THE
DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC.,
AND DISMISSING THE CASE WITH PREJUDICE**

Previously, at a status conference on July 9, 2009, in order to determine whether the defendants' arguments concerning lack of notice were meritorious, the Court ordered Williams to "file a request to obtain information regarding the defendants' former counsel, Heather Noel, by Thursday, July 16, 2009, specifying with particularity the information sought and the time period covered." Thereafter, on July 16, 2009, Williams served discovery requests seeking information, including emails, from Noel pertaining to her representation of the defendants. Noel objected to the information sought by Williams and requested that, before it ordered her to produce any such records, the Court examine the requested documents <u>in camera</u> to determine their relevancy and whether any privileges or ethical obligations precluded their disclosure.

Following an <u>in camera</u> review of Noel's documents, at the hearing on September 18, 2009, the Court concluded that, by maintaining their challenge to the judgment based on Noel's alleged failure to notify them of her withdrawal as local counsel, defendants had waived the attorney-client privilege under West Virginia law pertaining to any communications between them and Noel concerning Noel's representation.  It also concluded that an

3

**WILLIAMS V. ADVERTISING SEX**                                              **1:05CV51**

**ORDER DENYING MOTION FOR NEW TRIAL AND
MOTION FOR RELIEF FROM JUDGMENT OF THE
DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC.,
AND DISMISSING THE CASE WITH PREJUDICE**

exception to Noel's ethical duty of confidentiality applied to such communications. Noting, however, that some of Noel's documents contained legal theories and impressions that were not discoverable, the Court redacted this information pursuant to Fed. R. Civ. P. 26(b)(3) before permitting disclosure of Noel's documents to Williams.

Neither the parties nor Noel objected to the Court's rulings, or to its disclosure of documents in Noel's file, including the partially redacted documents.

Also at the hearing on September 18, 2009, the Court considered the defendants' motions for relief from judgment and for a new trial. Based on the information disclosed in Noel's documents and in the exhibits filed by Williams, it found that an attorney in California, David Fuller, served as the defendants' primary counsel in the <u>Williams</u> case and, in that capacity, not only was aware of Noel's motion to withdraw and but also had been served by Williams with notice of the filing of her Motion for Default Judgment on May 30, 2008, (Dkt. No. 329). Counsel for the defendants did not contest these findings of fact.

4

**WILLIAMS V. ADVERTISING SEX**                                         **1:05CV51**

### ORDER DENYING MOTION FOR NEW TRIAL AND MOTION FOR RELIEF FROM JUDGMENT OF THE DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC., AND DISMISSING THE CASE WITH PREJUDICE

Based on these findings of fact, the Court further concluded that:

1) both David Fuller, as primary attorney for the defendants, and the defendants Eric Ridley and Vidbidness, Inc., themselves were aware of the filing of Noel's motion to withdraw;

2) that David Fuller, in his capacity as defendants' attorney, had notice of the filing of Williams' motion for default judgment;

3) the defendants sat on their rights and did not defend their interests regarding Williams' motion; and

4) because of their own neglect, the defendants suffered the consequences of the default judgment and jury verdict on damages against them.

On the issue of whether the defendants had received notice following the grant of Noel's motion to withdraw as local counsel, the Court found that, although it had directed the Clerk's office to mail the defendants a copy of the Order granting Noel's motion to withdraw, that office failed to do so. Nevertheless, the Court also found that the defendants had actual notice from Noel that her motion had been filed, was pending before the Court, and that she had requested that the Court rule on it. Moreover, because Noel had

**WILLIAMS V. ADVERTISING SEX**                                     **1:05CV51**

**ORDER DENYING MOTION FOR NEW TRIAL AND
MOTION FOR RELIEF FROM JUDGMENT OF THE
DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC.,
AND DISMISSING THE CASE WITH PREJUDICE**

advised them in writing, the defendants knew of their obligation to stay informed about proceedings in the <u>Williams</u> case, including the status of the motion to withdraw. Their willful failure to remain fully informed of these proceedings after Noel warned them of their obligation to do so prevents them from being able to show just cause in support of their motions to set aside the default judgment and verdict on damages under either Fed. R. Civ. P. 59(a) or 60(b).

<u>**CONCLUSION**</u>

Allowing the defendants in this case to escape the default judgment and verdict on damages against them despite their willful avoidance and failure to participate in proceedings of which they had notice would create a perverse incentive for parties involved in litigation to do just that. Such an absurd result would erode the integrity of this Court and the judicial system generally, and undermine the ability of courts of law to serve as tribunals of justice. The Court cannot countenance such a result. Therefore, based on the willful neglect of the defendants, Eric Ridley and Vidbidness, Inc., it **FINDS** that their motions are without merit and **DENIES** the defendants' motions for a new trial and for relief from judgment (Dkt. Nos. 426 and 428).

**WILLIAMS V. ADVERTISING SEX** 1:05CV51

**ORDER DENYING MOTION FOR NEW TRIAL AND MOTION FOR RELIEF FROM JUDGMENT OF THE DEFENDANTS ERIC RIDLEY AND VIDBIDNESS, INC., AND DISMISSING THE CASE WITH PREJUDICE**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk of Court to transmit copies of this Order to counsel of record, to mail copies to all pro se parties, certified mail, return receipt requested, and to **DISMISS** this case **WITH PREJUDICE**. Pursuant to Fed. R. Civ. P. 58, the Court further directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record and the pro se parties, certified mail, return receipt requested.

DATED: September 28, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE