IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| ALLISON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:05-cv-51 |
| ) | Judge Keeley |
| ADVERTISING SEX LLC, et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO ENTER DEFAULT JUDGMENT

Plaintiff, Allison Williams, by and through her counsel, Jackson Kelly PLLC, submits this Motion To Enter Default Judgment in accordance with the mandate of the Fourth Circuit Court of Appeals. In support of her motion, the Plaintiff states as follows.

1. On July 2, 2008, this Court entered a Memorandum Opinion and Order Granting Plaintiff's Motion for Default Judgment Over Certain Defendants (the "Answer Defendants Default Order."). The Answer Defendants Default Order entered default judgment against the following defendants: Guy Blomberg, Etrax Productions, Ronald Yates, Vidbidness, Inc. and Eric Ridley (the "Answer Defendants").

2. Also on July 2, 2008, the Court entered a Memorandum Opinion and Order Granting Plaintiff's Motion For Default Judgment Over The Castle Co. Defendants (hereinafter "Castle Co. Defendants Default Order."). The Castle Co. Defendants Default Order enters a default judgment against defendants Castle Co. Pty. Ltd. ("Castle Co."), The Moles Trust, Russell M. Moles, and Gwendoline E. Moles (collectively the "Castle Co. Defendants").

3. On October 3, 2008, this Honorable Court issued a Memorandum Opinion and Order Denying Plaintiff's Motion for Default Judgment and Dismissing certain default

defendants who never appeared in this case for lack of personal jurisdiction ("Dismissal Order"). Docket entry 361. The trial in this matter was originally scheduled to commence on September 29, 2008 against thirty-seven defendants, including those twenty-eight defaulted defendants. Docket Entry 345.

4. Before entry of the Court's Dismissal Order the thirty-seven remaining defendants consisted of both the twenty-eight defendants who never appeared in the case ("Non-Appearing Defendants") and the nine defendants who had initially participated in the case but subsequently been defaulted as a sanction by the Court (consisting of both the Castle Co. Defendants and the Answer Defendants). (*See* Docket Entry 338 & 339)

5. The result of the Court's Dismissal Order and ruling was to dismiss the twenty-eight defaulted Non-Appearing Defendants who never appeared in the case, including the defendants central to the conspiracy to defame the Plaintiff - the JuicyBucks Defendants and the Celebflix Defendants.

6. On April 8 and 9, 2009 a jury trial was held in this matter to determine the amount of damages owed to the Plaintiff for her injuries and the jury awarded her $7,200,000.00.

7. On April 13, 2009, the Court entered a Judgment Order based on that jury. The Judgment Order reflected a jury award of $800,000 against each of the nine defendants, for a total award of $7,200,000. (See docket entry 413)

8. Plaintiff then sought on April 20, 2009, pursuant to Fed.R.Civ.P. 59(e), for an order amending or modifying the Judgment Order to add the following language: "Each and every defendant is jointly and severally liable for all judgments against all defendants hereto in the total amount of $7,200,000.00," making the Judgment Order consistent with West Virginia law regarding joint tortfeasors and joint and several liability. (See docket entry 415) On April

21, 2009, that Order was amended to reflect that all defendants were jointly and severally liable for the $7.2 million judgment. (See docket entry 419)

9. Joint and several liability comes into this case because this is a tort case where the Complaint alleged that "[i]n an effort to capitalize on Ms. Williams' good name ..., the Defendants concocted a scheme to advertise a pornographic video, fraudulently, as depicting Ms. Williams." (Complaint at ¶ 3) Both the Answer Defendants Default Order and the Castle Co. Defendants Default Order acknowledged that plaintiff Allison Williams' suit alleges that the defendants participated in a conspiracy against Ms. Williams. (See pp. 1 of both Orders) Similarly, the twenty-eight Non-Appearing Defendants are defaulted defendants who are also part of that conspiracy and should be included in that judgment.

10. This action is governed by the substantive law of the State of West Virginia. Under West Virginia law, all of the defendants are joint tortfeasors who are jointly and severally liable for the damages which resulted from their wrongs. *See Strahin v. Cleavenger*, 216 W.Va. 175, 603 S.E.2d 197, 211 (2004).

11. Moreover, "[p]arties to a civil conspiracy are joint tortfeasors; their liability is joint and several, for acts of conspirators committed in furtherance of the common design or conspiracy." 15A *Corpus Juris Secundum Conspiracy* § 21; McCandless v. Furlaud, 296 U.S. 140, 165 (1935); *El Chico Restaurants, Inc. v. Aetna Cas. and Sur. Co.*, 980 F. Supp. 1474 (S.D. Ga. 1997); *PaineWebber, Inc. v. Ras*, 767 F. Supp. 930 (N.D.Ill. 1991); *Banco Popular North America v. Gandi*, 184 N.J. 161, 876 A.2d 253 (2005); *Gettings v. Farr*, 41 S.W.3d 539 (Mo. Ct. App. E.D. 2001); *Trimple v. Pracna*, 51 S.W.3d 481 (Mo. Ct. App. S.D. 2001); *Granewich v. Harding*, 329 Or. 47, 985 P.2d 788 (1999); *American Transit Ins. Co. v. Faison*, 242 A.D.2d 201, 661 N.Y.S.2d 624 (1st Dep't 1997).

12. As a result of recent activity of the Fourth Circuit Court of Appeals with regard to this case, the Plaintiff accordingly seeks to make the Judgment Order in this case equally applicable to the following twenty-eight defaulted defendants:

ADVERTISING SEX, LLC;

WEB TRAFFIC, INCORPORATED;

SCOTT MOLES;

ZORG ENTERPRISES;

CHRIS BUCKLEY;

TROY SAVEGE (named as Troy Doe);

EYEGASMIC ENTERPRISES;

RAYMOND WILLIAMS;

NICHOLAS CAIN;

CAIN WEB DESIGN, INCORPORATED;

CHARLIE HINTZ; MENTAL SHED, LLC;

 DARREN MCLAUGHLIN;

PERFORMANCE MARKETING GROUP, INCORPORATED;

SCOTT RICKETT;

GENOCIDE PRODUCTIONS;

TRACY WHITEWICK (named as Tracey Doe);

MANUEL NOTEN;

CRAIG BROWN;

WEBRESULTZ PTY LTD.;

FROSTYLIPS, LLC;

HENRY ROTTINE;

KENNETH M. BOYD;

EDITH G. BOYD;

PALMBEACH-ONLINE.COM, INCORPORATED;

PETER SMALLWOOD;

PURPLE SKY PRODUCTIONS; and

MICHAEL VACIETIS.

13. In October 2008, the Court had dismissed the above-listed twenty-eight default defendants for lack of personal jurisdiction, an order which the Plaintiff moved the Court to reconsider.

14. On March 17, 2009, this Court denied Plaintiff's motion to reconsider that decision and Allison Williams appealed the Court's denial of her motion for reconsideration to the Fourth Circuit Court of Appeals.

15. In a February 3, 2011, per curiam unpublished opinion the Fourth Circuit Court of Appeals reversed the Court's decision denying Plaintiff's motion to reconsider the issue, and "instruct[ed] the court to enter default judgments against the Default Defendants as had been sought by Williams." (Fourth Circuit Opinion at pp. 5)

16. On February 25, 2011, the Fourth Circuit Court of Appeals issued a mandate and this Court set a status conference for April 4, 2011.

17. The Fourth Circuit Court of Appeals noted that these Non-Appearing Defendants are sophisticated commercial entities who have pursued a litigation strategy and taken the risk of having default judgment entered against them in this case: "We note that the Default Defendants are commercial enterprises and persons involved in the distribution of adult Internet content. These relatively sophisticated litigants pursued a litigation strategy that carried the real possibility of having

a default judgment entered against them. Nonetheless, the Default Defendants failed to enter an appearance before the district court or this court at their own peril." Fourth Circuit Order at p. 5. In other words, they have made their bed and now they must lie in it.

18. Because of the nature of this action, given that there is already a judgment to which the Non-Appearing Defendants are subject, and given that the Non-Appearing Defendants did not show up during the underlying case or at the appellate level, and that there is little to no chance that they would show up at another hearing on this case, another jury trial would be unnecessary, and a waste of time and money.

19. Because these twenty-eight defendants are already subject to the Judgment Order as joint tortfeasors who have joint and several liability in this case, adding them to the existing judgment fulfills the Fourth Circuit's mandate and spares Plaintiff the time, expense, and emotional trauma of another trial.

20. Because the jury has already awarded damages in this case, liability for that judgment now attaches to the Non-Appearing Defendants and consistent with the mandate of the Fourth Circuit Court of Appeals in this case the Judgment Order should reflect the addition of the twenty-eight Non-Appearing Defendants.

****

WHEREFORE, Plaintiff moves the Court to enter default judgment as directed by the Fourth Circuit Court of Appeals against the additional twenty-eight defaulted defendants as requested by the Plaintiff.

Respectfully submitted,

ALLISON WILLIAMS

By counsel,

/s/ Parween S. Mascari
Stephen M. LaCagnin
West Virginia State Bar No. 2118
Parween S. Mascari.
West Virginia State Bar No. 9437
**JACKSON KELLY PLLC**
150 Clay Street, Suite 500
Morgantown, West Virginia 26501
(304) 284-4100 Telephone
(304) 284-4142 Facsimile

Ray C. Stoner
Admitted Pro Hac Vice
**JACKSON KELLY PLLC**
Three Gateway Center, Suite 1340
401 Liberty Avenue
Pittsburgh, PA 15222
(412) 434-8055 Telephone
(412) 434-8062 Facsimile

## CERTIFICATE OF SERVICE

I, Parween S. Mascari, do hereby certify that on March 16, 2011, I served the foregoing "MOTION TO ENTER DEFAULT JUDGMENT" to the following parties via ECF, U.S. Mail, or International Mail, as appropriate.

# U.S. Defendants

**Raymond Williams**
**Advertising Sex, LLC**
(Defaulted)

**Kenneth M. Boyd**
**Edith G. Boyd**
**PalmBeach-Online.com, Inc.**
(Defaulted)

**Nicholas Cain**
**Cain Web Design, Inc.**
(Defaulted)

**Charlie Hintz**
**Mental Shed, LLC**
(Defaulted)

**Eric Ridley**
**Vidbidness, Inc**
(Defaulted)

**Darren M. McLaughlin**
**Performance Marketing Group, Inc.**
(Defaulted)

**Ronald Yates**
**Etrax Productions**
(Defaulted)

**FrostyLips, LLC**
(Defaulted)
**Sergio Jacuzzi**
**Harhan Co.**
(Unserved)

**Eliza Razia**
**Fli Exotic Inc.**
(Unserved)

8

V0004388

# Australian Defendants

**Chris Buckley**
(Defaulted)

**Scott M. Moles**
**Zorg Enterprises**
**Web Traffic Inc.**
(Defaulted)

**Johnathon Landon**
**Diana (Doe)**
(Unserved)

**Castle Co. Pty. Ltd.**
**Russell Moles**
**Gwendoline Moles**
**The Moles Trust**
(Defaulted)

**Guy Blomberg**
(Defaulted)

**Troy M. Savege** (named as Troy Doe)
**Eyegasmic Enterprises**
(Defaulted)

**Scott Rickett**
**Gen0cide Productions**
(Defaulted)

**Michael Vacietis**
(Defaulted)

**Craig Brown**
**Webresultz Pty. Ltd.**
(Defaulted)

# Belgian Defendants

**Frederic Papillon**
**CX Team**
(Unserved)

V0004388

## Canadian Defendants

**Peter Smallwood (DJ Sky)**
**Purple Sky Productions**
(Defaulted)

**Tracy Whitewick** (Named as Tracy Doe)

(Defaulted)

## Cayman Islands Defendant

**Fauladi Singh**
(Unserved)

## Dutch Defendants

**Manuel Noten**
(Defaulted)

**Henry Rottine**
(Defaulted)

## South African Defendant

**Mark Van Heerden**
(Unserved)

/s/Parween S. Mascari
Parween S. Mascari (WVSB #9437)